UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES L. KELLY,

      Plaintiff,

v.                                           Case No. 3:22-cv-884-BJD-LLL

MAJOR JASON CARTER, et al.,

      Defendants.
_____

## ORDER

      Plaintiff, an inmate of the Florida Department of Corrections (FDC), is proceeding *pro se* on a second amended complaint for the violation of civil rights against two named Defendants (North and Carter) and one John Doe Defendant (Doc. 7). He alleges that on April 5, 2022, at Hamilton Correctional Institution (HCI), Defendants North and Doe used excessive force against him while he was having an "anxiety attack" and knowing he had a valid medical pass for a condition that prevented him from complying with their commands to walk up the stairs. *See* Doc. 7 at 5-6, 20, 24-26, 28. He further alleges Defendant North verbally taunted him and made comments to incite other inmates to physically harm him. *Id.* at 31. Finally, Plaintiff asserts Defendant Carter was deliberately indifferent to his serious medical needs by ignoring him when he tried to declare a medical emergency. *Id.* at 34. Defendants North

and Carter have been served and answered the complaint (Doc. 18), and the Court entered a case management and scheduling order (Doc. 20). The Court thereafter extended the deadlines pursuant to Plaintiff's unopposed request (Docs. 31, 32). As relevant here, discovery was to be completed by September 5, 2023. *See* Order (Doc. 33).

Before the Court are the following filings: (1) Plaintiff's motion to compel discovery (Doc. 36) with a memorandum, declaration, exhibits (Docs. 36-1 through 36-16), and a notice to "supplement and modify" (Doc. 55) and Defendants' response (Doc. 42); (2) Plaintiff's motion for sanctions (Doc. 38) and Defendants' response (Doc. 43); (3) Plaintiff's motion for issuance of non-party subpoenas (Doc. 40) and an "inquiry" regarding the request (Doc. 56); (4) Plaintiff's "urgent" motion for an extension of time to review discovery (Doc. 44) and Defendants' response (Doc. 50); and (5) Defendants' forty-page motion for summary judgment (Doc. 53) with a corresponding motion to exceed the page limit (Doc. 54).[1]

---

[1] Defendants also move for an extension of time to respond to Plaintiff's motion for an extension of time to review discovery (Doc. 49). Defendants have filed their response (Doc. 50), so the Court will grant the motion (Doc. 49) and accept the response as timely filed.

Plaintiff's Motions Re Discovery (Docs. 36, 38, 40, 44)

Before addressing substantive discovery disputes, the Court finds that Plaintiff's motion for issuance of non-party subpoenas (Doc. 40) is due to be denied because Plaintiff filed the motion after discovery closed.

Plaintiff's motions to compel, for sanctions, and for an extension of time concern the following discovery requests: interrogatories served on May 11, 2023; a request for production of documents served on May 15, 2023; and a supplemental request for production of documents served on July 24, 2023. *See* Doc. 36 at 1; Doc. 36-1 at 2, 11-13; Doc. 38 at 1-2; Doc. 44 at 1. *See also* Docs. 36-4, 36-5, 36-6, 36-7. In his motion to compel, filed on September 12, 2023, Plaintiff says Defendants did not respond at all to his first request for production; responded to his interrogatories late, on August 29, 2023; and improperly and evasively responded to his supplemental request for production. *See* Doc. 36-1 at 3, 5, 11-13.

It appears any dispute related to the first request for production is moot. Plaintiff acknowledges in his motion for extension of time, filed on October 20, 2023, that Defendants responded to the discovery request after he filed his motion to compel, and he had a call-out to review the disclosed documents. *See* Doc. 44 at 2. *See also* Doc. 55 at 2. He moves for more time to review the disclosed documents, though, saying he was only given twenty minutes, and

3

he asks that any money taken out of his inmate trust account to pay for copies be reimbursed.[2] *See* Doc. 44 at 2-3. In response to Plaintiff's motion for extension of time, defense counsel confirms that Plaintiff was given another four hours to review documents on November 20, 2023, and no money was taken out of his inmate account for copies. *See* Doc. 50 at 5-6. Accordingly, Plaintiff's motion to compel will be denied as moot with respect to the first request for production, and his motion for extension of time similarly will be denied as moot.

In his supplemental request for production, Plaintiff requested FDC forms "known as 'Follow Through on Approved [G]rievances" that may have been generated in response to his "informal grievance number 215-2204-0159" and "[f]ormal grievance number 2205-215-061," both of which were approved. *See* Doc. 36-16 at 2 (underlining omitted). Defendants did not object to the request but responded as follows: "Plaintiff will be provided with the documents, provided they are in the defendant's [sic] control." *Id.* Plaintiff contends he did not receive the requested documents, *see* Doc. 36-1 at 16, but

---

[2] Plaintiff also complains that defense counsel initially sent him a CD containing the disclosed documents, but the CD was immediately confiscated by prison authorities because inmates are not allowed to possess CDs, nor do inmates have the means to view them. *See* Doc. 44 at 1. According to an unsigned letter defense counsel sent Plaintiff, dated September 20, 2023, he indeed sent Plaintiff a "disc" containing documents responsive to his request for production. *See* Doc. 44-1. Defense counsel says it was not his "intent" to send the CD to Plaintiff. *See* Doc. 50 at 4.

Defendants maintain they "requested Plaintiff's grievances for a period of April 5, 2022, through September 2022, and . . . provided . . . the documents [they received] . . . to Plaintiff." *See* Doc. 42 at 14-15. They claim they have no "other relevant documents related to Plaintiff's request," they do not know whether "any such documents exist," and Plaintiff can obtain his "own grievances." *Id.*

It appears Defendants misinterpret Plaintiff's request as one for copies of his own grievances, *id.*, but Plaintiff is seeking copies of an FDC form that, under Florida Administrative Code Rule 33-103.016, is to be generated or completed when a grievance is approved, *see* Doc. 36-16 at 2. That provision, titled "Follow Through on Approved Grievances," generally provides that different staff members must complete certain sections of Form DC1-306 when a formal grievance or grievance appeal is approved, and a copy of the Form should be placed in the inmate's file. *See* Fla. Admin. Code r. 33-103.016(1), (2). Given Defendants appear to have misinterpreted Plaintiff's request, the Court will direct defense counsel to confer with Plaintiff, if necessary, to clarify the request. Regardless of whether conferral is necessary, if the documents Plaintiff requests exist and were not already disclosed, Defendants should obtain them from the FDC (as they did other responsive documents) and disclose them to Plaintiff.

With respect to Plaintiff's interrogatories, Defendants do not dispute that Plaintiff served those on May 11, 2023. *See* Doc. 42 at 1. It is unclear when Defendants responded, though, and that confusion is the subject of Plaintiff's motion for sanctions. Plaintiff swears in his motions to compel and for sanctions that he did not receive responses to his interrogatories until August 29, 2023, *see* Doc. 36-1 at 3; Doc. 38 at 2-3, despite defense counsel certifying that they were sent on June 8, 2023 (Defendant Carter's responses and objections) and June 26, 2023 (Defendant North's responses and objections), *see* Doc. 36-14 at 7; Doc. 36-15 at 5-6. With their response to Plaintiff's motion to compel, Defendants offer the declaration of a paralegal specialist, who avers that he sent Plaintiff an "unsigned [i.e., unverified] copy of Defendant Carter [sic] Responses and Objection to First Set of Interrogatories" on June 6, 2023, and sent "a signed copy of both Defendants['] . . . Responses . . . to . . . Interrogatories" on June 28, 2023. *See* Doc. 42-1 ¶ 2.[3]

In his motion for sanctions, Plaintiff claims, "[D]efendants are using the United States Postal Service . . . to defraud [the] Court and try to deceive [him]." *See* Doc. 38 at 4. Defendants oppose Plaintiff's motion for sanctions,

---

[3] The certificate of service for Defendant Carter's unverified responses and objections is dated June 8, 2023, not June 6, 2023, *see* doc. 36-14 at 7, while the certificate of service for Defendant North's responses and objections is dated June 26, 2023, not June 28, 2023, *see* doc. 36-15 at 5-6.

6

contending the request is duplicative of that made in his motion to compel. *See* Doc. 43 at 3, 5. Additionally, defense counsel notes Plaintiff did not confer with him before filing the motion. *Id.* at 4. Upon review, the Court accepts that Plaintiff did not receive Defendants' interrogatory responses and objections until August 29, 2023, despite that defense counsel certifies having mailed them in June. However, to the extent Plaintiff seeks monetary sanctions for having had to file a motion to compel, such a request is deemed made by the filing of the motion to compel in accordance with Rule 37. *See* Fed. R. Civ. P. 37(a)(5) (requiring a court to consider whether a party whose conduct necessitated the filing of a motion to compel must pay the movant's reasonable expenses). Accordingly, Plaintiff's motion for sanctions will be denied.

Plaintiff argues in his motion to compel that Defendants have waived their objections to his interrogatories because they served them late. *See* Doc. 36-1 at 4-5. Alternatively, he argues the objections are general, not specific, and Defendants should be compelled to answer them because he seeks relevant information. *Id.* at 8-11. As to waiver, Defendants maintain they timely mailed Defendant Carter's responses and objections but acknowledge "it appears that Plaintiff may not have received [the] mailing[] in June." *See* Doc. 42 at 6. They concede Defendant North's responses and objections were mailed "about two weeks late" but maintain the delay did not harm Plaintiff and the objections

7

were proper. *Id.* at 10.[4] Regardless of whether Defendants' objections are to be deemed waived based on timeliness, the Court finds their objections are to be overruled.

The Federal Rules of Civil Procedure provide as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Under Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a). An objection to an interrogatory "must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

In response to Plaintiff's interrogatories, Defendant Carter objected to numbers 13 (as unintelligible), 15 (as irrelevant and not proportional to the

---

[4] Defendants do not argue that Plaintiff agreed to an extension of time for them to respond to his interrogatories, despite an August 8, 2023 conferral letter Plaintiff sent to counsel in which he wrote that the parties "mutually agreed" at his deposition on June 22, 2023, that "more time was needed [to] answer[] . . . interrogatories and [produce documents for] inspection and copying." *See* Doc. 42-3 at 4. In his motion to compel, Plaintiff suggests the agreement to extend deadlines related only to future discovery requests. *See* Doc. 36-1 at 2.

8

needs of the case), 17 (as over broad, irrelevant, and not proportional to the needs of the case), and 19 (as over broad, irrelevant, and not proportional to the needs of the case). *See* Doc. 36-14 at 4-5. Defendant Carter did not respond to numbers 16, 18, and 20, which were premised on a "yes" response to the others. *Id.* The dispute as to number 13 is now moot. In their response to the motion to compel, Defendants contend number 13 was "transcribed" inaccurately due to a scrivener's error. *See* Doc. 42 at 7. Defendant Carter ultimately responded to the interrogatory on October 19, 2023. *See* Doc. 42-4 at 2.

In the interrogatories that remain in dispute, Plaintiff asked whether Defendant Carter had ever been a defendant in a case involving inmate "abuse," such as excessive force or a failure to provide aid (number 15); disciplined "for inmate abuse, failure to intervene, failure or delay to provide medical or psychological care, treatment or, [sic] help to an inmate and, [sic] for [e]xcessive use of force" (number 17); or the subject of an investigation regarding an inmate's death through the use of excessive force, "failure to intervene, by delay or denial of medical or psychological care, [or] treatment[/]help" (number 19). *See* Doc. 36-14 at 4-5.

Defendant North, in responding to Plaintiff's interrogatories, objected to number 10 (as irrelevant and not proportional to the needs of the case) and 12

9

(as over broad, irrelevant, and not proportional to the needs of the case). *See* Doc. 36-15 at 4. In these interrogatories, Plaintiff asked whether Defendant North had ever been disciplined "for excessive use of force on an inmate" (number 10) or had ever been a defendant in a case involving inmate "abuse or excessive force" (number 12). *Id.* Defendant North did not respond to numbers 11 and 13, which were premised on a "yes" response to the others. *Id.*

Defendants' objections are not stated with specificity as required under Rule 33, and Defendants do not explain in their objections or in their response to Plaintiff's motion to compel why the requests are not relevant, overly burdensome, or not proportional to the needs of the case using the pertinent factors. *See* Fed. R. Civ. P. 26(b)(1).[5] Whether Defendants were previously investigated, disciplined, or sued related to allegations of inmate "abuse" (including excessive force, denial of medical care, failure to intervene, etc.) are relevant even if prior instances of "abuse" were not of the same type as that alleged by Plaintiff in his complaint. For example, instances of use of force shy of excessive on an inmate, for retaliation against an inmate, for a violation of prison protocol, for fabrication of evidence, for lying in a report, for harassing

---

[5] In their response to Plaintiff's motion to compel, Defendants also argue Plaintiff seeks information that would not be admissible. *See* Doc. 42 at 7-13. This is a frivolous argument. "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." *See* Fed. R. Civ. P. 26(b)(1).

an inmate, for cruel and unusual punishment against an inmate, or for beating a colleague could relate to state of mind or veracity. Defendants' objections are overruled, and they must answer the referenced interrogatories.

Given Plaintiff's motion to compel is due to be granted, the Court must "require [Defendants] . . . to pay [Plaintiff's] reasonable expenses incurred in making the motion" after giving them an opportunity to be heard. *See* Fed. R. Civ. P. 37(a)(5)(A).[6] The Court will direct Plaintiff to file an itemized statement of the expenses he incurred in bringing the motion to compel (e.g., for photocopies) and give Defendants an opportunity to respond and show cause why the Court should not award Plaintiff the reasonable expenses he incurred.

### Defendants' Motions Re Summary Judgment (Docs. 53, 54)

Defendants filed a motion for summary judgment in excess of the Court's twenty-five-page maximum, *see* Doc. 53, and they ask for permission to exceed the page limit by nearly fifteen pages, contending that filing a motion within the page limit "will not be possible due to the large number of necessary arguments and the extent of case law," *see* Doc. 54 at 1-2. The Court finds Defendants' request is due to be denied and the motion for summary judgment stricken. With careful editing and issue-selection, counsel can comply with the

---

[6] Before filing the motion, Plaintiff attempted in good faith to obtain the disclosure or discovery without Court order. *See* Doc. 36-1 at 2-3; Doc. 36-8; Doc. 36-9; Doc. 42 at 2; Doc. 42-2; Doc. 42-3.

11

page limit. There are only two served Defendants, and the claims are straightforward.

In light of the Court's rulings on Plaintiff's motion to compel and Defendants' motion to exceed the page limit, the Court will *sua sponte* extend the dispositive-motion deadline.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion to compel (Doc. 36) is **GRANTED** to the extent that, by **January 29, 2024**, Defendants must produce any documents responsive to Plaintiff's supplemental request for production of documents (after conferring with Plaintiff about the request, if necessary) and answer the disputed interrogatories (numbers 15 through 20 directed to Defendant Carter and numbers 10 through 13 directed to Defendant North). The motion is **DENIED as moot** as to the remaining disputes, which were resolved by the filing of the motion.

2. By **January 29, 2024**, Plaintiff must file an itemized statement of the reasonable expenses he incurred in bringing the motion to compel (Doc. 36) (e.g., for photocopies).[7] No later than **seven days** after Plaintiff files his

---

[7] Plaintiff should not include the expenses he incurred in bringing the other motions he filed (Docs. 38, 40, 44). Additionally, since Plaintiff is proceeding *pro se*, he is not entitled to recover "attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A).

itemized statement, Defendants must show cause why the Court should not award Plaintiff the reasonable expenses he incurred in bringing the motion to compel.

    3.    Plaintiff's motion for sanctions (Doc. 38) is **DENIED**.

    4.    Plaintiff's motion for issuance of non-party subpoenas (Doc. 40) is **DENIED**.

    5.    Plaintiff's motion for extension of time (Doc. 44) is **DENIED as moot**.

    6.    Defendants' motion for extension of time (Doc. 49) is **GRANTED**, and Defendants' response (Doc. 50) is **ACCEPTED as timely filed**.

    7.    Defendants' motion for summary judgment (Doc. 53) is **STRICKEN**.

    8.    Defendants' motion to exceed the page limit (Doc. 54) is **DENIED**.

    9.    The Court *sua sponte* extends the following deadlines:

        a.    Dispositive motions, including those raising qualified immunity, are due no later than **February 20, 2024**.

        b.    Responses to dispositive motions are due no later than **April 5, 2024**.

    10.    No later than **January 29, 2024**, Plaintiff must file a notice with additional information to identify and serve Defendant C.O. "G" (Grier or Green). If he does not, all claims against the Doe Defendant may be dismissed.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of January 2024.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
James L. Kelly, #491793
Counsel of Record

14