UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES L. KELLY,

        Plaintiff,

v.                                     Case No. 3:22-cv-884-BJD-LLL

MAJOR JASON CARTER, et al.,

        Defendants.

_____

## ORDER

Plaintiff, an inmate of the Florida Department of Corrections, is proceeding *pro se* on a second amended complaint for the violation of civil rights (Doc. 7) in which he alleges officers at Hamilton Correctional Institution (HCI) used excessive force against him or denied him medical care on April 5, 2022. Before the Court is Plaintiff's "emergency" motion for an injunction (Doc. 62) with a supporting declaration (Doc. 63), and a "supplement" to a previous motion Plaintiff filed and on which the Court has ruled (Docs. 58, 60), in which Plaintiff asserts the Court "overlooked" important information when ruling on his motion to compel discovery responses (Doc. 61).

### Motion for Injunctive Relief

Plaintiff contends he fears for his life at HCI because, starting in about October 2023, gang members targeted him "for extortion, [and] robbery of

canteen [and personal] items . . . [and] threat[ened] to . . . stab[]" him with a knife if he were to report them. *See* Doc. 63 ¶ 1. Plaintiff reported the gang members on December 13, 2023, and he was placed in protective custody pending a hearing before the Institutional Classification Team (ICT). *Id.* ¶¶ 2-3. The ICT, which allegedly included officers with "gang" affiliation, "ridiculed" Plaintiff and determined he did not need to be in protective custody. *Id.* ¶ 3. Thereafter, another inmate allegedly told Plaintiff that "a certain officer" ordered "certain gang members" to "target [Plaintiff] for causing trouble for other staff members by filing lawsuits on them and writing them up." *Id.* ¶ 6.[1] *See also* Doc. 62 at 2. As relief, Plaintiff asks to be transferred to a different correctional facility. *Id.*

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'"[2] *Wreal, LLC v. Amazon.com, Inc.*,

---

[1] In light of Plaintiff's assertions, in an abundance of caution, the Clerk of Court sent a copy of Plaintiff's filings (Docs. 62, 63) and the Court's Amended Standing Order (Doc. 64) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's institution.

[2] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). *See also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. A request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff has not filed a memorandum of law supporting his motion, *see* M.D. Fla. R. 3.01(a), 6.01(a), 6.02(a)(1), nor does he otherwise address the four prerequisites that would show injunctive relief is appropriate, *see Schiavo*, 403 F.3d at 1225-26. Indeed, in his filings, Plaintiff does not address at all the claims he raises in his operative complaint. *See generally* Docs. 62, 63. Rather,

3

he seeks relief related to "matter[s] lying wholly outside the issues in [this] suit," *see Kaimowitz*, 122 F.3d at 43, despite his general, conclusory assertion that officers other than those named as Defendants in this action have retaliated against him for filing lawsuits and grievances, *see* Doc. 63 ¶¶ 3, 6; Doc. 62 at 2.

Additionally, district courts generally will not interfere in matters of prison administration, including an inmate's custody status or location of confinement. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Barfield v. Brierton*, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). For these reasons, Plaintiff's emergency motion for an injunction is due to be denied. If Plaintiff believes corrections officials have violated his constitutional rights, he should seek appropriate relief by filing grievances or initiating a new civil rights action after exhausting his administrative remedies.

### Plaintiff's Supplement Re Discovery

Plaintiff asserts Defendants have not disclosed to him video footage of the April 5, 2022 incident, which he requested in his first request for production of documents. *See* Doc. 61 at 2. Plaintiff represents that Defendants

4

initially informed him any video footage had been destroyed, but Plaintiff later reviewed information that suggested otherwise. *Id.* The Court will direct defense counsel to confer with Plaintiff regarding the existence of any relevant video footage and file a notice with the Court.

Accordingly, it is

**ORDERED:**

1.     Plaintiff's emergency motion for an injunction (Docs. 62, 63) is **DENIED**.

2.     On or before **February 13, 2024**, defense counsel shall confer with Plaintiff regarding the existence of any video footage responsive to Plaintiff's request for production and, if any exists, arrange for Plaintiff to review such footage. Additionally, by **February 13, 2024**, counsel shall file a notice with the Court advising of the outcome of the conferral and status of relevant video footage.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of January 2024.

_____

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
James L. Kelly, #491793
Counsel of Record